UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NANCY J. CAVARRETTA,

                Plaintiff,

v.                                           **DECISION AND ORDER**
                                                       11-CV-160S

CHAUTAUQUA COUNTY, NEW YORK, ET AL.,

                Defendants.

      1.       Plaintiff Nancy J. Cavarretta commenced this action, pro se,[1] against Defendants on February 24, 2011, by moving for a preliminary injunction and temporary restraining order pursuant to Federal Rule of Civil Procedure 65 to "bring a stay of property tax evictions for 325 Norton Avenue and 853 E. 2nd Street, Jamestown, New York, 14701." (Docket No. 2.)

      2.       By her request for a preliminary injunction and temporary restraining order, Plaintiff seeks to enjoin Defendants from proceeding with a tax foreclosure of Plaintiff's real property located in Jamestown, New York, which this Court understands to be scheduled for this morning, February 25, 2011, at 11:00 a.m. Defendants have not been served with Plaintiff's Complaint or request for injunctive relief, and thus have no notice of this action. Because the standards for a preliminary injunction or temporary restraining order are not met, Plaintiff's motion will be denied.

      3.       Injunctive relief "is an extraordinary and drastic remedy which should not be

---

[1] Plaintiff's pro se status entitles her submissions to broad consideration. Because of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This Court has considered Plaintiff's submissions accordingly.

1

routinely granted." Med. Soc'y of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977); see also Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 33 (2d Cir. 1991). "The legal standards for granting a temporary restraining order and a preliminary injunction are the same." Young-Flynn v. Wright, No. 05 Civ. 1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007) (quoting Gund, Inc. v. SKM Enters., Inc., No. 01 Civ. 0882, 2001 WL 125366, at *1 (S.D.N.Y. Feb. 14, 2001)).

> A temporary restraining order may be granted without written or oral notice to the adverse party ... only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party ... can be heard in opposition, and (2) the applicant's attorney certified to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed R. Civ. P. 65(b).

Plaintiff's papers do not comply with either prong of the rule. Plaintiff does not describe any effort to notify opposing parties of her motion for injunctive relief, and her papers neither (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in her favor. Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985), *overruled on other grounds*; Paulsen v. Cnty. of Nassau, 925 F. 2d. 65, 68 (2d Cir. 1991).

It appears that Plaintiff's Complaint challenges Defendants' efforts to collect taxes and seek foreclosure. In her motion for a restraining order, Plaintiff seeks to prevent eviction due to a tax foreclosure of her real property. This may implicate the Tax Injunction Act, 28 U.S.C. § 1341, which deprives this Court of subject-matter jurisdiction. Andresakis v. State of Conn., 122 F.3d 1055 (2d Cir. 1997) (unpublished) ("The Tax Injunction Act

2

precludes the district court from interfering in local tax matters such as the foreclosure action."); see also Jones v. Cawley, No. 10-CV-712, 2010 WL 2545738, *2 (N.D.N.Y. June 21, 2010).

Further, although the Complaint does not so allege, Plaintiff's claim likely implicates a request for review of state court decisions, as evidenced by reference to her foreclosure proceedings before Defendant City Courts of Jamestown, New York. This Court's review of final state court judgments is precluded by the Rooker-Feldman doctrine, which holds that lower federal courts lack jurisdiction over challenges to final state-court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); see also Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005); see also Jones, 2010 WL 2545738, *2.

Because the Tax Injunction Act and Rooker-Feldman doctrine make Plaintiff's likelihood of success on the merits very slim, the standards for a preliminary injunction or temporary restraining order are not met. Accordingly, Plaintiff's motion for a preliminary injunction and temporary restraining order is denied.

4. Plaintiff's Complaint makes passing references to the First, Fifth, and Fourteenth Amendments to the United States Constitution, which may invoke federal-question jurisdiction. The details of how or why these Constitutional Amendments apply here is unclear at this time. Rather than summarily dismiss the matter, this Court will afford Plaintiff an opportunity to demonstrate the existence of subject-matter jurisdiction by way of an amended complaint. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) (instructing that courts have the independent

3

obligation to ensure that they have subject-matter jurisdiction); see also Manway Constr. Co., Inc. v. Housing Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983) (noting that courts must dismiss *sua sponte* cases that lack subject-matter jurisdiction).

5.  Plaintiff has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has met the statutory requirements.[2] Accordingly, Plaintiff's request to proceed as a poor person is hereby granted. The Clerk's Office is directed to file Plaintiff's papers.

IT HEREBY IS ORDERED, that Plaintiff's motion for the issuance of a temporary restraining order and preliminary injunction (Docket No. 3) is DENIED.

FURTHER, that Plaintiff's request to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

FURTHER, that Plaintiff shall file an amended complaint[3] no later than March 28, 2011.

FURTHER, that in the event Plaintiff fails to file an amended complaint as directed above by March 28, 2011, the Complaint shall be dismissed with prejudice without further order of this Court.

---

[2] This Court will perform an initial review, pursuant to 28 U.S.C. 1915(e)(2)(B), which will be addressed by separate order.

[3] Plaintiff is advised that an amended complaint is intended to *completely replace* the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint must include all of the allegations against each of the defendants she seeks to sue herein, so that the amended complaint may stand alone as the sole complaint in this action.
Upon filing of the amended complaint, this Court will review both the issue of subject-matter jurisdiction and whether this action may proceed pursuant to 28 U.S.C. § 1915(e)(2)(B).

FURTHER, that in the event the Complaint is dismissed because Plaintiff has failed to file an amended complaint by March 28, 2011, the Clerk of the Court shall close this case as dismissed without prejudice without further order.

FURTHER, that in the event the Complaint is dismissed because Plaintiff has failed to file an amended complaint by March 28, 2011, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: February 25, 2011
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court